UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALI ABDALLAH,

       Defendant.
_____/

Case No. 2:14-cr-20250-2

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court is Defendant Ali Abdallah's ("Abdallah") Motion for Early Termination of Supervised Release. *See* ECF No. 65. The parties have fully briefed the motion. *See* ECF Nos. 67, 68. The Court, having reviewed the record and the parties' briefing, has determined that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f). For the reasons stated below, the Court **GRANTS** the Motion.

**I.**

In early 2014, Abdallah along with his co-defendant Yousif Al-Hassan committed a string of armed robberies at gas stations in the city of Detroit. He pleaded guilty to four counts of Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence. ECF No. 29. On November 21, 2014, Abdallah was sentenced to a 121-month term of imprisonment, with a 60-month term of supervised release to follow. ECF No. 35, PageID.163-164. In June 2022,

1

Abdallah was placed in a residential reentry facility and began serving his term of supervision in December 2022.  *See* ECF No. 64, PageID.486; ECF No. 67, PageID.498.  Abdallah now seeks early termination of his supervision, arguing that he has made exceptional progress in every area that supervised release intends to address—employment, community involvement, compliance, accountability, personal development, and life goals.  ECF No. 65, PageID.489.

## II.

"Supervised release is part of a sentence."  *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014).  However, under 18 U.S.C. § 3583(e)(1), after a defendant has served at least one year of a term of supervised release, the Court may order early termination if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003); 18 U.S.C. § 3583(e)(1).  When making this determination, the Court considers the sentencing factors outlined in 18 U.S.C. § 3553, which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need to afford adequate deterrence; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment;
- the kind of sentence and the sentencing range established for the applicable category of offense committed by the applicable category defendant;

- any pertinent policy statement issued by the United States Sentencing Commission;
- the need to avoid unwarranted sentence disparities; and
- the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

### III.

Abdallah argues that after serving half his five year term of supervision, "[h]e has demonstrated profound personal growth, a deep sense of accountability, and an unwavering commitment to lawful and productive living[,]" thus making early termination ideal. ECF No. 65, PageID.489. The government objects to early termination "given the underlying facts of his disturbing crimes" and "believes he should complete another year of supervision" before being terminated. ECF No. 67, PageID.498. However, Abdallah argues that another year would serve no government interest and may even hinder further progress. ECF No. 68, PageID.504. Abdallah also notes that his probation officer does not object to his request for early termination. *Id*. at PageID.502-503.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Here, Abdallah has done just that. The Court agrees with the defense that Abdallah appears to have transformed from a "troubled 19-year-old" who was

3

"struggling with a serious drug addiction" to a "fully rehabilitated adult." ECF No. 68, PageID.502, 504. He has not only maintained stable employment since his release from custody – he has managed his own car wash business and has recently partnered in the ownership of an oil change service center. All fines and his special assessment have been paid in full. Abdallah participates in youth programming and community efforts through his local mosque. He has maintained his sobriety – submitting negative drug screens. He was referred for substance abuse and mental health treatment, and neither of these services were deemed necessary. Since his release from custody in 2022, Abdallah has remained free from any contact with law enforcement and has had no violations of any of the terms of his supervision.

With this record, the Court finds that the factors identified in 18 U.S.C. § 3583(e) support early termination. While true the nature and circumstances of Abdallah's offense conduct was disturbing, his history and characteristics neutralize this factor. *See* 18 U.S.C. § 3553(a)(1). It appears his conduct was motivated, at least in part, due to a serious drug addiction. ECF No. 68, PageID.502. He was 19 years old at the time of the offense, and the Court takes into account the fact that youthful offenders often lack judgment, ability to make informed decisions, brain development, and control; and they tend to be more impulsive, risk-seeking and susceptible to outside influence. The Court notes that the time spent in custody and on supervision thus far is likely to have a deterrent effect on Abdallah. 18 U.S.C. §

4

3553(a)(2). And it does not appear that early termination would create any form of sentencing disparity.  18 U.S.C § 3553(a)(6).

Further, pursuant to the Sentencing Commission Guidelines, "[t]he court is encouraged to exercise [its] authority [to terminate supervision early] in appropriate cases" and the Court finds this to be one of those cases.  *See* USSG §5D1.2, comment. n.5.  The Court also notes that Abdallah's probation officer, the person with the most intimate knowledge of his adjustment to reintegration and rehabilitation, does not object to terminating his supervision early.  Given Abdallah's conduct, his successful reintegration back into society, and in the interest of justice, the Court finds that early termination of supervision is warranted.  18 U.S.C. §3583(e).

### IV.

Accordingly, Defendant's Motion for Early Termination of Supervised Release (ECF No. 65) is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant's term of supervised release is **TERMINATED**.

**IT IS SO ORDERED.**

Dated: July 28, 2025                              s/Brandy R. McMillion
                                                  Hon. Brandy R. McMillion
                                                  United States District Judge